**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 15-54844 |
| | : | |
| Rickie L. Taylor Jr. | : | Chapter 7 |
| Jeanine A. Taylor | : | |
| Debtors. | : | Judge Charles M. Caldwell |

---

| | | |
|---|---|---|
| Christal L. Caudill, Trustee | : | |
| 3757 Attucks Drive | : | Adv Proc No._____ |
| Powell Ohio 43065 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| Vs. | : | |
| | : | |
| Consumer Portfolio Services, Inc. | : | |
| c/o Charles E. Bradley Jr., CEO | : | |
| 19500 Jamboree Road | : | |
| Irvine CA 92612 | : | |
| | : | |
| And | : | |
| | : | |
| Rickie & Jeanine Taylor | : | |
| 8727 Palmer Road | : | |
| Pataskala OH 43062 | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT TO AVOID PREFERENTIAL TRANSFER**
**AND TO RECOVER PROPERTY**

1.   This case was commenced by a voluntary petition seeking relief under chapter 7 of the Bankruptcy Code filed by Rickie & Jeanine Taylor (hereinafter "Debtors") on July 25, 2015 (the "Petition Date").

2.   The court has jurisdiction in this matter pursuant to the provisions of 28 U.S.C. §§157(b)(2)(F) and 1334, and the general order of reference for this district. The within matter is a core proceeding as provided under 28 U.S.C. §§157(b)(2)(E), (F) and

(K). To the extent this matter is deemed to be non-core, Plaintiff consents to the entry of a final order by the Bankruptcy Court.

3. Christal L. Caudill ("Plaintiff or "Trustee") is the duly authorized and acting Chapter 7 Trustee for the above-styled bankruptcy case.

4. The Debtors, Rickie & Jeanine Taylor ("Debtors') have a last known address of 8727 Palmer Road, Pataskala Ohio 43062.

5. Consumer Portfolio Service, Inc. ("CPS") is a corporation doing business in the State of Ohio whose Corporate address is 19500 Jamboree Road, Irvine, California 92612.

6. Debtors are the title owners of a 2011 GMC Terrain (the "Vehicle"). A copy of the Memorandum of Certificate of Title (the "Title") for the Vehicle is attached as Exhibit "A".

7. The dealership, Chesrown Chevrolet Buick GMC, and Debtor, signed a Retail Installment Agreement (the "Agreement") for the Vehicle on July 23, 2015, and Debtors took possession of the Vehicle that same date. A copy of the Agreement is attached hereto as Exhibit "B".

8. Debtors obtained a loan from CPS in the amount of $15,688.39. Debtors granted a security interest in the Vehicle to CPS. CPS recorded a lien on the Vehicle on August 28, 2015 (the "Transfer"), more than thirty (30) days after the Debtors took possession of the Vehicle. The Transfer occurred after the Petition Date.

9. Pursuant to 11 U.S.C. §541 the Vehicle is property of the bankruptcy estate.

## COUNT ONE:  Avoidance of Lien Pursuant to 11 U.S.C. §547

10.     Plaintiff realleges and incorporates the allegations and averments contained in paragraphs one (1) through nine (9) as if fully rewritten herein.

11.     The notation by CPS of its lien on the Title constitutes a transfer of an interest of the Debtors in the property.

12.     The Transfer was to or for the benefit of CPS, a creditor of the Debtors.

13.     The notation by CPS of its lien on the Title was for or on account of an antecedent debt owed by the Debtor before such transfer was made.

14.     The notation by CPS of its lien on the Title was made while the Debtors were insolvent.

15.     The notation by CPS of its lien on the Title was made after the date of filing of the Petition and more than 30 days after the Debtors took possession of the vehicle.

16.      The notation by CPS of its lien on the Title enables them to receive more than they would receive if this case were a case under chapter 7 of the Bankruptcy Code, the transfer had not been made, and CPS received a payment of its debt to the extent provided by the provisions of chapter 7 of the Bankruptcy Code.

17.     The lien noted on the Title is avoidable by the Trustee pursuant to 11 U.S.C. §547 and recoverable by the Trustee pursuant to 11 U.S.C. §550.

18.     Pursuant to 11 U.S.C. §551, to the extent avoided the Transfer is preserved for the benefit of the estate.

19.     Pursuant to 11 U.S.C. §§547 and 550, Plaintiff requests this Court to determine the Transfer is avoided and preserved for the benefit of the bankruptcy estate and that judgment be rendered requiring CPS to release its lien upon the Vehicle.

**COUNT TWO: Turnover of Property Pursuant to 11 U.S.C. §542**

20.     Plaintiff realleges and incorporates the allegations and averments contained in paragraphs one (1) through nineteen (19) as if fully rewritten herein.

21.     Debtors remain in possession, custody and control of the Vehicle within the meaning of 11 U.S.C. §542(a).

22.     The Trustee is entitled to turnover of the Vehicle by Debtors so that she may sell the Vehicle and realize the value created by the avoided Transfer pursuant to 11 U.S.C. §551 and in any equity in excess thereof for the benefit of the bankruptcy estate.

**WHEREFORE**, Plaintiff requests that the Court enter an Order awarding the following relief:

1.     An Order avoiding the Transfer pursuant to 11 U.S.C. §547 and requiring Consumer Portfolio Services, Inc. to release its lien on the Vehicle;

2.     An Order requiring Debtors to turn over the Vehicle to the Trustee; and

3.     For all other and further relief for which Plaintiff may be entitled.

/s/Christal L. Caudill
Christal L. Caudill
3757 Attucks Drive
Powell, Ohio 43065
Telephone: (614) 389-4942
Facsimile: (614) 389-3857
clcaudill@caudill-law.com